IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN O'TOOLE and REGIS CLAUS, Trustees on behalf of PLUMBERS LOCAL UNION NO. 27 COMBINED FUNDS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. ) |
| NEXUS CONSTRUCTION, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT

1.　Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Defendant Contractor has failed to pay dues and fringe benefit contributions to Plumbers Local Union No. 27 Combined Funds ("Funds") in violation of a certain labor agreement entered into by Local Union No. 27 ("Local 27").

2.　Plaintiffs Martin O'Toole and Regis Claus file this action as Trustees on behalf of the Funds and maintain their principal place of business for Fund purposes at 6500 Brooktree Road, Suite 205, Wexford, PA 15090.

3.　Said Funds are multi-employer employee benefit funds established and maintained within the meaning of ERISA and Plaintiff Funds are bringing this action on behalf of the trustees, participants and/or beneficiaries of said Funds.

4.　Defendant Nexus Construction, LLC ("Contractor") is an employer in the construction industry that maintains a business office at 200 Poplar Street, Pittsburgh, Pennsylvania 15223.

5.　Defendant Contractor has agreed to abide by a labor agreement ("Agreement") with Local 27 pursuant to which such defendant was obligated to submit certain monthly payments to Funds for pension, medical, annuity, apprenticeship, industry and dues for the benefit of employees covered under such Agreement.

6. In violation of said Agreement, Defendant Contractor has failed to make timely payments of such sums to Plaintiff Funds for the period October 2019 through May 2019, which has resulted in a principal delinquency of $167,535.76.  Employer is obligated to submit to the Funds its June 2019 reports with payments by July 10, 2019 and all future reports with payment by the 10th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $20,000.00.  In addition, interest is due of $9,953.81 through June 14, 2019 and liquidated damages of $35,086.19 are due for a total delinquency of $212,575.76.  Interest will continue to accrue after June 14, 2019 at the rate of $55.08 per day.

7. Defendant's refusal to submit timely payments to the Plaintiff Funds violates the collective bargaining agreement and the requirements of ERISA.

8. Plaintiff Funds have repeatedly asked Defendant to submit timely payment of the delinquency and to accurately report hours for all covered workers employed by Defendant Contractor.

9. Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiffs or remittance reports submitted by Defendant to the Funds until the termination of this case.  If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one (1%) percent per month and liquidated damages at ten (10%) percent times such

amounts owed.  In the alternative, Plaintiffs reserve the right to assert a claim for such additional amounts due in a subsequent legal action.

       10.    Pursuant to ERISA, Defendant Contractor is also obligated to Plaintiff for Plaintiff's reasonable attorneys' fees equal to twenty percent (20%) of said total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00).  Such fees and expenses total $42,515.15 through June 14, 2019.  Plaintiffs also claim attorneys' fees on any additional amounts shown to be due by Defendant Contractor to Plaintiff Funds until termination of this case.

       11.    Defendant's failure to pay such delinquencies has caused the Funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other benefits to covered workers and their families.

       12.    Plaintiff Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the aforesaid federal statutes and labor agreement herein described and is restrained from continuing to refuse to perform as thereunder required.

       WHEREFORE, Plaintiffs demand the following relief against said Defendant Contractor:

       (a)  A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of said agreements and directing said Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to said agreements, and enjoining Defendant Contractor from disposing of assets; and

       (b)  For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendant's business

operations from June 2019 through the present; and

    (c)  For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation tax and other records pertaining to hours worked by such Defendant's covered employees for the past three years to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Funds; and

    (d)  For a money judgment in favor of Plaintiffs and against Defendant Contractor in the sum of $255,090.91, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus liquidated damages, attorneys' fees of 20% of total amount due and costs of suit; and

    (e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

    (f)  For such other and further relief as the Court may deem just.

            TUCKER ARENSBERG, P.C.

            *s/ Jeffrey J. Leech*
            Jeffrey J. Leech, Esquire
            PA I.D. No. 19814
            Neil J. Gregorio, Esquire
            PA I.D. No. 90859

            1500 One PPG Place
            Pittsburgh, PA 15222
            (412) 566-1212

            Attorneys for Plaintiffs

lit-5161903.1:014051-177423